IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br> FOR THE USE AND BENEFIT OF <br> SIEMENS BUILDING TECHNOLOGIES, INC. <br><br> Plaintiff <br><br> vs. <br><br> BRITT CONSTRUCTION, INC. <br><br> and <br><br> FIDELITY AND DEPOSIT CO. OF MARYLAND <br><br> Defendants | C.A. No. 1:05-cv-02021-AK |

## AMENDED COMPLAINT

The United States of America for the use and benefit of Siemens Building Technologies, Inc. ("Siemens"), by its attorney, Frank J. Emig, hereby sues the Defendants, Britt Construction, Inc. ("Britt") and Fidelity and Deposit Co. of Maryland ("Fidelity"), and states the following:

### COUNT ONE

1. Jurisdiction of this cause is conferred by Section 270(a) and 270(b) of Title 40 in the United States Code.

2. On or about the 28th day of August, 2002, the United States of America ("United States") and the Defendant Britt entered into a contract in which Britt agreed to

furnish all of the labor and materials and perform all work required for the construction and renovation of the Chapel at Bolling Air Force Base in Washington, D.C. The contract number assigned by the United States to this project was N62477-02-C-0103.

    3.    Pursuant to the Act of Congress approved August 24, 1935, the Defendant Britt, as Principal, and the Defendant Fidelity, as Surety, duly executed a standard government form of payment bond to the United States, whereby the Defendant Britt, as Principal, and the Defendant Fidelity, as Surety, each bound themselves jointly and severally in the sum of $2,573,350.00 on the condition that if the Principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided in said contract, and any and all duly authorized modifications of contract that may hereafter be made, notice of which modifications to the surety is hereby waived, then these obligations to be void, otherwise to remain in full force and virtue. This payment bond is identified by the Defendants as No. 8645601 and was executed on September 17, 2002.

    4.    That said payment bond was duly accepted by the United States and upon such acceptance, the contract for the construction and renovation of the Chapel at Bolling Air Force Base in Washington, D.C. was awarded to the Defendant Britt.

    5.    Thereafter and through December, 2004, Siemens, at the special insistence and request of Britt, supplied material and performed services required in connection with the installation to the temperature control system for the aforesaid project.

6. That Siemens contracted directly with Britt to perform this work at the Chapel located at Bolling Air Force Base. The material and services supplied by Siemens were required to be supplied by Britt under its aforesaid contract with the United States and were so supplied by Siemens with the knowledge, consent and approval of the Defendant Britt for the said project.

7. That Britt has failed and neglected to pay to Siemens the sum of $89,000.00 according to its contract.

8. One (1) year has not elapsed from the date on which the last of the labor was performed or material was supplied by Siemens. Although demand has been made upon Britt and Fidelity, no part of the said sum of $89,000.00 with interest has been paid to Siemens.

9. All of the said labor was performed and material supplied within the District of Columbia.

WHEREFORE, the United States of America for the use and benefit of Siemens Building Technologies, Inc. demands entry of judgment against the Defendants, Britt Construction, Inc. and Fidelity and Deposit Co. of Maryland, jointly and severally, in the sum of $89,000.00 with interest from the 1st day of January, 2005, and costs of this action.

**COUNT TWO**

10. This Court has supplemental jurisdiction over this claim pursuant to Title

28 USC §1367 since it is based on the same operative facts that are set forth in Court One of the amended complaint.

11. Siemens was and is now a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 1000 Deerfield Parkway, Buffalo Grove, Illinois.

12. Britt was and is now a corporation organized and existing under the laws of the State of Virginia, with its principal place of business being at 4201 Pleasant Valley Road in Chantilly, Virginia.

13. This Court also has jurisdiction over this claim pursuant to Title 28 USC §1332 since the amount in controversy exceeds $75,000 and since the project is located within the District of Columbia.

14. In June, 2003, Britt contracted with Siemens for it to install an automatic temperature control system for the Chapel at Bolling Air Force Base in Washington, D.C. The contract price for this work was $126,000.00.

15. In addition thereto, Britt directed Siemens to perform certain additional work on this project, including Section 15995 of the project specifications, the installation of air flow monitoring stations and smoke detectors and the furnishing of a laptop computer. The total cost of this additional work was $23,300.00.

16. Siemens performed this work in a proper manner in accordance with the requirements of the contract documents.

17. Britt has only paid $60,300.00 to Siemens, leaving a balance due Siemens of $89,000.00.

18. Although Siemens has demanded payment of the balance of $89,000.00 from Britt, it has failed to tender this amount.

WHEREFORE, Siemens Building Technologies, Inc. demands entry of judgment against the Defendant, Britt Construction, Inc., in the sum of $89,000.00 with interest from the 1st day of January, 2005.

## COUNT THREE

19. Siemens incorporates herein by reference the jurisdictional allegations set forth in paragraphs 10 through 13 of this amended complaint.

20. Britt directed Siemens in 2003 to furnish and install an automatic temperature control system for the Chapel at the Bolling Air Force Base in Washington, D.C. for the sum of $126,000.00. Thereafter, Britt also requested that certain additional work be performed by Siemens, the value of which was $23,300.00.

21. While no explicit written agreement was ever signed by Britt and Siemens, an implied-in-fact contract nevertheless existed.

22. Britt breached this contract by failing to make timely payments to Siemens as well as by demanding credits to which it was not entitled.

23. Siemens performed its work in a proper manner in accordance with the specifications for this project.

24. Siemens is still owed by Britt the sum of $89,000.00 for this work. Although demand for payment has been made upon Britt for payment, it has wrongfully refused to pay this balance.

WHEREFORE, Siemens Building Technologies, Inc. demands entry of judgment against the Defendant, Britt Construction, Inc., in the sum of $89,000.00 with interest from the 1st day of January, 2005.

## COUNT FOUR

25. Siemens incorporates herein by reference the jurisdictional allegations contained in paragraphs 10 through 13 of this amended complaint.

26. Britt directed Siemens in June, 2003, to furnish and install an automatic temperature control system at the Chapel in the Bolling Air Force Base in Washington, D.C.

27. There was no meeting of the minds with respect to the terms of a contract between Siemens and Britt.

28. Siemens installed the requested automatic temperature control system in a proper and workmanlike manner.

29. The services rendered by Siemens resulted in Britt receiving a benefit, the value of which was $149,300.00. Britt has only paid Siemens the sum of $60,300.00, leaving a balance due Siemens of $89,000.00.

30. An implied-in-law contract existed between Britt and Siemens. Britt has

unjustly received the benefit of these services without fully paying for them.

WHEREFORE, Siemens Building Technologies, Inc. demands entry of judgment against the Defendant, Britt Construction, Inc., in the sum of $89,000.00 with interest from the 1st day of January, 2005.

/s/
FRANK J. EMIG, #309393
Greenway Ctr. East, Suite 314
7525 Greenway Center Drive
Greenbelt, MD  20770-3525
301-345-7002
Attorney for Plaintiff,
Siemens Building Technologies, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2006, a copy of the foregoing Amended Complaint was sent by first class mail, postage prepaid to:

Peter I. Grassis, Esquire
Rathbun & Goldberg, P.C.
10555 Main Street, Suite 450
Fairfax VA 22030

/s/
FRANK J. EMIG
