IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SIEMENS BUILDING TECHNOLOGIES, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>BRITT CONSTRUCTION, INC., *et al*. )<br><br>Defendants. ) | C.A. NO. 05-cv2021 CKK |

### ANSWER OF DEFENDANT BRITT CONSTRUCTION, INC. TO THE AMENDED COMPLAINT

COMES NOW the Defendant, Britt Construction, Inc. ("Britt"), by counsel, and for its Answer to the Amended Complaint filed herein, states as follows (paragraph numbers 1 through 30 herein correspond with those paragraphs set forth in the Amended Complaint):

### Count I

1. The allegation calls for a legal conclusion and therefore no response is necessary. To the extent that a response is necessary, on information and belief it is admitted.

2. Denied as stated. Britt and the United States of America entered into a written contract for work at the project. The allegations seek to characterize documents which, in their entirety, speak for themselves. To the extent that the allegations misstate or mischaracterize the substance or content of the contract between the parties, the said allegations are denied.

3. Denied as stated. It is affirmatively stated that Fidelity and Deposit Company issued a payment bond. The allegations seek to characterize documents which, in their entirety, speak for themselves. To the extent that the allegations misstate or mischaracterize the substance or content of the bond, the said allegations are denied.

4. Denied as stated. Britt and the United States of America entered into a written contract for work at the project. The allegations seek to characterize documents which, in their entirety, speak for themselves. To the extent that the allegations misstate or mischaracterize the substance or content of the contract between the parties, the said allegations are denied.

5. Denied. It is admitted only that Plaintiff provided labor and materials to the project. The remainder of the allegation is denied.

6. Denied as stated. Britt and the Plaintiff entered into a written contract for work at the project. The allegations seek to characterize documents which, in their entirety, speak for themselves. To the extent that the allegations misstate or mischaracterize the substance or content of the contract between the parties, the said allegations are denied.

7. Denied.

8. Denied.

9. Britt is without sufficient information to admit or deny and therefore denies same.

### Count II

10. The allegation calls for a legal conclusion and therefore no response is necessary. To the extent that a response is necessary, it is denied.

11. Britt is without sufficient information to admit or deny and therefore denies same.

12. Admitted.

13. The allegation calls for a legal conclusion and therefore no response is necessary. To the extent that a response is necessary, it is denied.

14. Denied as stated. Britt and the Plaintiff entered into a written contract for work

at the project. The allegations seek to characterize documents which, in their entirety, speak for themselves. To the extent that the allegations misstate or mischaracterize the substance or content of the contract between the parties, the said allegations are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

### Count III

19. Britt incorporates its responses to Paragraphs 10 through 13 of the amended complaint.

20. Denied as stated. Britt and the Plaintiff entered into a written contract for work at the project. The allegations seek to characterize documents which, in their entirety, speak for themselves. To the extent that the allegations misstate or mischaracterize the substance or content of the contract between the parties, the said allegations are denied.

21. Britt is without sufficient information to admit or deny and therefore denies same.

22. Denied.

23. Denied.

24. Denied.

### Count IV

25. Britt incorporates its responses to Paragraphs 10 through 13 of the amended complaint.

26. Denied as stated. Britt and the Plaintiff entered into a written contract for work

at the project. The allegations seek to characterize documents which, in their entirety, speak for themselves. To the extent that the allegations misstate or mischaracterize the substance or content of the contract between the parties, the said allegations are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Any allegation which is not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has breached and failed to fully perform the terms of the underlying Subcontract with Britt, thereby barring any recovery on its claim in this litigation.

2. Plaintiff has been paid.

3. The amount of the damages that Plaintiff's conduct has caused to Britt, including attorney's fees, the cost to complete the work and to correct the defective and nonconforming work, and delays, offset Plaintiff's claimed damages.

4. Plaintiff's claims are barred by the doctrines of estoppel and waiver.

5. Plaintiff's claims are barred by the terms of the written underlying Subcontract between the parties.

6. Plaintiff's breach of contract has caused Britt to incur damages which exceed the amount of Plaintiff's claim. Britt, demands judgment for such excess.

7. Plaintiff's breach of contract and conduct alleged herein has caused Britt to incur damages which Britt claims in recoupment.

8. Plaintiff's claims are barred by failure of a condition precedent to Britt's performance.

9. Plaintiff's claims are barred by the applicable statute of limitations.

10. Plaintiff's claims are barred by the terms of the subject Bond.

11. Plaintiff's claims are barred by laches, waiver, estoppel and/or release.

12. Counts III and IV fail to state a claim for which relief may be granted.

13. The court lacks jurisdiction over the subject matter of Counts II, III and IV.

14. This court is an improper venue for Counts II, III and IV.

15. Britt hereby reserves the right to assert any and all additional affirmative defenses which may become available to it through discovery and/or at the trial of this action.

WHEREFORE, the Defendant, Britt Construction, Inc., by counsel, having answered each and every allegation of the Bill of Complaint, respectfully requests the Court to dismiss the claims and for such other relief as justice may require.

> BRITT CONSTRUCTION, INC.
> By Counsel

RATHBUN & GOLDBERG, P.C.
10555 Main Street, Suite 450
Fairfax, Virginia  22030
(703) 383-9580
(703) 383-9584 Fax

By:    /s/ Peter I. Grasis
  Peter I. Grasis
  D.C. Bar No. 449475

## CERTIFICATE OF SERVICE

A true copy of the foregoing Answer was forwarded via first class mail, postage pre-paid, this 27<u>th</u> day of February, 2006, to Frank J. Emig, Greenway Ctr. East, Suite 314, 7525 Greenway Center Drive, Greenbelt, Maryland 20770-3525.

                                             /s/ Peter I. Grasis
                                             Peter Grasis

britt/siemens/pleading07.britt answer amended.pg